# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOSE RAMIREZ and JIMMY PIZARRO,
Individually and on behalf of all others
similarly situated,

      Plaintiffs,

                                   Case No: 1:23-cv-00343-MLB
  v.                             COLLECTIVE ACTION

VERIZON CONNECT FLEET USA LLC,
and VERIZON CONNECT INC., d/b/a
VERIZON CONNECT,

      Defendants.
_____.

## PLAINTIFFS' MOTION TO TRANSFER VENUE AND INCORPORATED MEMORANDUM OF LAW

    Plaintiffs JOSE RAMIREZ and JIMMY PIZARRO (collectively "Plaintiffs"), by and through their undersigned counsel and pursuant 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Middle District of Florida.

    1.      Plaintiffs filed their Collective Action Complaint on January 23, 2023. (Dkt. #1.)

    2.      In their Complaint, Plaintiffs state Defendants failed to pay them overtime compensation in violations of 29 U.S.C. 201 *et seq*. of the Fair Labor Standards Act (the "FLSA").

1

3.     Plaintiffs brought this suit individually, and on behalf of all similarly situated persons composed of Inside Sales Representatives (ISR) working for Defendants anywhere in the United States.  Dkt. 1 at ¶ 59.

4.     To date, however, there have been no consent to join forms filed and there are no opt-in plaintiffs who have joined the instant matter.

5.     The 2 Plaintiffs at issue in this case, worked in and from Defendants' Tampa, Florida office.

6.     In the Complaint, Plaintiffs state that prior to Covid, they worked for Defendants from Defendants' office located in Tampa, Florida. (Dkt. #1 at ¶¶ 31, 34.)

7.     Plaintiffs also state in the Complaint that they recently returned to working at least one day per week in Defendants' office in Tampa, Florida. (Dkt. #1 at ¶¶ 31, 35.)

8.     The scope of this lawsuit has drastically decreased and dramatically minimized and geographically isolated to one single office:  Tampa, Florida.  What was originally intended to be a national collective action involving 5 offices, is for all purposes at this juncture, limited to only two Plaintiffs, both of whom worked at and reported to Defendants' office in Tampa, Florida. Specifically, Plaintiffs live in Tampa, Florida and Davenport, Florida.

9.     With the knowledge that Plaintiffs live in the Tampa area, Defendants

are mandating that Plaintiffs attend live depositions in Atlanta, Georgia in an attempt to harass and impose unnecessary costs and burdens on Plaintiffs, and to pressure them to settle for nominal sums.  Defendants have rejected requests that the depositions be conducted via Zoom or at an alternative, more reasonable geographic location, such as Plaintiffs' counsel's office located in Tampa, or even in Jacksonville, Florida. As this is only a two-person case, these costs and burdens are no longer proportional to the needs of this case.

10.     All the witnesses at issue would predominate in the Tampa area, not Atlanta, Georgia.  Indeed, from Defendants' Initial disclosures, Defendants list two witnesses, Monica Tyson and Jeffrey Hanna, neither of whom work in Atlanta.

11.     Additionally, no party would be prejudiced if this case were transferred as all parties are already present in the requested transferee District.

12.     Similarly, under the doctrine of Forum non-convenes, given that the witnesses Defendants will rely upon, and the plaintiffs, all/mostly are located in Tampa, Florida, the Middle District of Florida is now the more logical and appropriate jurisdiction.

13.     Moreover, numerous other witnesses, such as peer co-workers of Plaintiffs, and former managers and other former HR employees likewise live and work in Tampa, Florida such that if there is a trial, they cannot be compelled to appear and it becomes a logistical nightmare, and likely will prejudice the plaintiffs.

Meanwhile, Defendants will have no issue in having its Tampa area witnesses show up for a trial at their beck and command in Atlanta.

14.     Moreover, these 2 Plaintiffs' claims are identical to the earlier case of *Lauren Garnick, Tshacha Romeo and Corey Hanvey, Individually, and on behalf of all others similarly situated, v. Verizon Connect Fleet USA LLC*, Case No: 8:20-cv-01474, (MDFL) which was settled by the parties, and as such, the MDFL court has greater familiarity with the claims and issues in this case.

15.     Accordingly, Plaintiffs respectfully request this Court transfer the instant action to another District within the Eleventh Circuit, specifically, to the United States District Court for the Middle District of Florida, Tampa Division.

## ARGUMENT

### A. Legal Standard

A district court is vested with the discretion to transfer a civil action to any other district or division where the case may have originally been brought "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness."" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 2244 (1988)(quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).  "The purpose of transfer under § 1404(a) is to prevent the

waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Montgomery v. Risen*, No. 15-20782-CIV, 2016 U.S. Dist. LEXIS 183850, at \*2 (S.D. Fla. Jan. 25, 2016).

As a threshold matter in ruling on a motion to transfer, a court must determine whether the case may have been brought in the desired district [\*4] of transfer. *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002)."Once a court finds an action could have been brought in the transferee forum, the court must weigh various factors . . . to determine if a transfer . . . is justified." *Elite Advantage, LLC v. Trivest Fund IV, L.P.*, No. 15-22146, 2015 U.S. Dist. LEXIS 110796, 2015 WL 4982997, at \*5 (S.D. Fla. Aug. 21, 2015) (citation and internal quotation marks omitted)." *Soldevilla v. Henkel Corp.*, No. 21-cv-62573-GAYLES, 2022 U.S. Dist. LEXIS 236957, at \*3-4 (S.D. Fla. Oct. 25, 2022).

In ruling on a motion to transfer, a court is to consider the following factors: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135

n.1 (11th Cir. 2005).  As this case could have initially been brought in the Middle District of Florida and as the weight of the factors favor transfer, this action should be transferred to the Middle District of Florida.

**B. This Case Could Have Been Initially Brought in the Middle District of Florida**

Plaintiffs' claims are based on the alleged violation of a federal statute, specifically, the Fair Labor Standards Act (FLSA), 29 USC 201 *et seq*.  (Dkt. #1). Thus, any US district court would have federal question subject matter jurisdiction over Plaintiffs' claims.  28 U.S.C. §1331.  Further, the Middle District of Florida has personal jurisdiction over this action because the Defendants continuously conduct substantial business in Tampa, Hillsborough County, Florida at fixed offices, and all of the damages at issue occurred in Hillsborough County, Florida.  Lastly, venue is proper to the Middle District of Florida pursuant to 28 U.S.C. Sec. 1391(b) since the parties reside in the Middle District of Florida and because a substantial part of the events giving rise to the claims occurred in the Middle District of Florida.  Thus, the Plaintiffs could have initially brought this suit in the Middle District of Florida.

**C. The Balance of the Factors Favor Transfer**

Having established that this case could have been brought in the Middle District of Florida, this Court is next required to weigh the following transfer factors.

**1. The Convenience of the Witnesses Strongly Weighs in Favor of Transfer**

"The most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses." *Insuracorp, Inc. v. Am. Fid. Assurance Co.*, 914 F. Supp. 504, 506 (M.D. Ala. 1996).   A key issue in Plaintiffs' claim is the number of hours they worked. Plaintiffs claim that they worked unpaid overtime in Defendants' Tampa, Florida office location and from their homes in Florida while working remotely due to Covid. (Dkt. #1 at ¶¶ 31, 34, 35).  The relevant witnesses who could corroborate the hours Plaintiffs worked or that they worked similar hours all worked with Plaintiffs in Tampa.  Thus, it would be more convenient for them to travel to Tampa as opposed to Atlanta in the event of a trial.

Similarly, at all times during their employment, whether working at Defendant's office in Tampa, or remotely from their home, Plaintiffs reported to Defendants Tampa office. Thus, Plaintiffs managers or supervisors also worked in Tampa, making the Middle District of Florida, Tampa Division a more convenient location for them to possibly testify as opposed to the Northern District of Georgia.

On Defendants Initial Disclosures, other than the two named plaintiffs, Defendants list two possible witnesses.  While Defendants do not disclose where these witnesses are located, a cursory internet search reveals that neither is located in this District. The first non-plaintiff witness Defendants disclosed is Monica Tyson who may have information related to Defendants' timekeeping policies. Through an

internet search, it appears that Ms. Tyson is located in South Carolina[1].  The next witness is Jeffrey R. Hanna who Defendants state is likely to have knowledge related to employment practices and procedures applicable to Plaintiffs. Mr. Hanna is one of the Plaintiffs' former managers and works in Defendants' Tampa office.  Thus, three of the four potential witnesses Defendants list are all in the requested transferee district, while the last witness appears to be located in a third location, South Carolina.  In other words, none of Defendants' possible witnesses are located in this District.

There were 185 Verizon Connect plaintiffs in the *Garnick* case who all claimed to have incurred unpaid overtime wages and having been permitted to suffer to work off the clock.  *Lauren Garnick, Tshacha Romeo and Corey Hanvey, Individually, and on behalf of all others similarly situated, v. Verizon Connect Fleet USA LLC*, Case No: 8:20-cv-01474, (MDFL). A significant number of such witnesses are from the same Tampa office and are key witnesses who may be called to testify in this action, along with their supervisors and managers.  Further, numerous supervisors and managers over Ramirez and Pizarro worked in Tampa, some of whom as former employees as well, cannot be commanded to appear in Atlanta, Georgia for a trial.  Accordingly, as it would be more convenient for

---

[1] https://www.linkedin.com/in/monica-tyson-3aa4b812 (accessed 5/10/23)

witnesses to testify in Tampa, where the Plaintiffs worked, or still work, as opposed to Atlanta, this factor weighs strongly in favor of transfer.

### 2. The Location of Relevant Documents Weighs Slightly in Favor of Transfer

Despite the fact that Plaintiffs either worked at or reported to Defendants' office in Tampa, this factor weighs only slightly in favor of transfer as most of the relevant documents and sources of proof are likely to be in the form of ESI and therefore are accessible from any location that has internet access. However, to the extent there are any documents or sources of proof that are not in electronic or ESI form, they would be located at Defendants' Tampa location, thus weighing slightly in favor of transfer.

### 3. The Convenience of the Parties Weighs Strongly in Favor of Transfer

This factor weighs strongly in favor of transfer as well as all of the parties can be said to be "at home" in the transferee district. Again, Plaintiffs worked for Defendants at Defendants' Tampa office location, then remotely from their homes within the transferee district, and later on, worked under a hybrid model working part of the week remotely, and part of the week at Defendants' Tampa location. (Dkt. #1 at ¶¶ 31, 34, 35). Similarly, Defendants have regularly and continuously conducted business in the Middle District of Florida through their Tampa office location. *Id*. As all of the parties are "at home" in the Middle District of Florida,

this factor weighs strongly in favor of transfer.

### 4.  The Locus of Operative Facts Weighs in Favor of Transfer

This factor weighs in favor of transfer as the operative facts giving rise to Plaintiffs' claims happened in the Middle District of Florida. Plaintiffs contend that they regularly worked more than 40 hours per week for Defendants within the transferee district without being paid their full overtime compensation. (Dkt. #1 at ¶¶ 31, 34, 35, 60,61).  Thus, as the operative facts took place in the transferee district, this factor weighs in favor of transfer to the Middle District of Florida.

### 5.  The Availability of Process to Compel the Attendance of Unwilling Witnesses Weighs in Favor of Transfer

This factor weighs in favor of transfer as the majority of witnesses would be located in the transferee district. To the extent there may be an unwilling witness, it would be easier for the Middle District of Florida to compel the testimony of a resident of the Middle District of Florida to appear within the Middle District of Florida as opposed to the Northern District of Georgia compelling a resident of the Middle District of Florida to appear in Atlanta. Thus, this factor weighs slightly in favor of transfer.

### 6.  The Relative Means of the Parties Favors Transfer

The means of the Plaintiffs compared to that of the Defendants favors transfer. "Legg, 2015 U.S. Dist. LEXIS 28031, 2015 WL 13753742, at *3 (relative means of the parties "strongly weighs in favor of [plaintiff]. He is an individual, living and

working in Florida, whereas Quicken Loans is 'the nation's largest online banker' [**26] with a strong national presence")." *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1283 (S.D. Fla. 2020).   Similarly, the Plaintiffs here are two individuals living and working in Florida.  On the other hand, Defendants are an international[2] company that purchased Fleetmatics for $2.4 billion dollars in 2016. (Dkt. #1 at ¶ 2.)  Conversely, the purchases of Plaintiffs are not measured in billions of dollars.

The relative means of the parties here favors transfer as Defendants are better able to absorb any costs and expenses and as Defendants' costs and expenses would be less than that of Plaintiffs.  Defendants are a large corporation with offices across the world and are already present in both Atlanta and Tampa.  There is little cost difference to Defendants if the case proceeds in Atlanta versus Tampa. On the other hand, Plaintiffs are not an international corporation, they are two individuals who are located in the Tampa area and thus, there is a cost and expense difference for them.

Defendants are insisting that Plaintiffs be deposed in Atlanta as opposed to being deposed over a video teleconferencing system such as Zoom or at a location in Tampa or Jacksonville. Defendants are insisting on deposing Plaintiffs in Atlanta in order to run up the cost and expenses on Plaintiffs.  Plaintiffs were hourly paid

---

[2] https://www.verizonconnect.com/company/about/ (accessed 5/10/23)

employees of Defendants, (Dkt. #1 at ¶ 42.).  Thus, to attend a live deposition in Atlanta and departing from the Tampa area, Plaintiffs would need to take time off from work, arrange for possible airfare to Atlanta, arrange for possible hotel accommodations in Atlanta, or plan on driving from Tampa to Atlanta. Under any scenario, Plaintiffs would of course have to take time off from work to attend their depositions, but if the depositions must be held in Atlanta, then travel time for the Plaintiffs must be factored in and which would result in even more time missed from work.

As the corporate Defendants here have significantly more means than the Plaintiffs, this factor weighs in favor of transfer.

### 7.  The Forum's Familiarity with the Governing Law is Neutral

Plaintiffs bring their claims pursuant to federal law, specifically the FLSA. Thus, a federal court in the Middle District of Florida is equally familiar with and capable of applying federal law as a court in the Northern District of Georgia. This is especially true here as both courts are within the same Circuit and are both bound by the same Eleventh Circuit precedent.  Plaintiffs' claims are not based on any state law, whether it is Florida or Georgia law.  Thus, neither this Court nor the transferee court would be asked or required to apply the law of a foreign state. Accordingly, as two different district courts within the same Circuit are equally capable of applying federal law, this factor is neutral.

### 8. The Weight Accorded a Plaintiff's Choice of Forum Favors Transfer

Plaintiffs initially filed this action in the Northern District of Georgia under the belief that it would be a national collective action and thus this Court would undoubtedly have jurisdiction over all opt-ins as Defendants' corporate offices are here within this district.  However, since the filing of the Complaint on January 23, 2023, no consent to join forms have been filed and no opt-in plaintiffs have joined this case, thereby significantly reducing the scope of this case.

If this case were to remain in this District, Defendants will insist on deposing both Plaintiffs in Atlanta knowing that both Plaintiffs live in the Tampa area. Further, if the case were to proceed to trial, the Plaintiffs and most of the witnesses would also be required to travel from the Tampa area to Atlanta.  As this is now only a two plaintiff case, both of whom live in the Tampa area, these costs are no longer proportional to the needs of the case. As all of the Plaintiffs live in the Middle District of Florida, this factor favors transfer.

### 9. Trial Efficiency and the Interests of Justice, Based on the Totality of the Circumstances is Neutral

Defendants may argue that this case should remain in this District because there is already a similar pending case in this District, *KHIRY MULLINS and ADRIAN DIAZ, Individually and on behalf of all others similarly situated v. VERIZON CONNECT FLEET USA LLC and VERIZON CONNECT INC.*, Case No:

1:21-cv-4697-MLB (NDGA).  The *Mullins* action and this case are factually similar in that they involve claims of unpaid overtime compensation from Defendants' Inside Sales Representatives (ISR).  They are dissimilar in that the parties in the *Mullins* action have already reached a settlement while this case is still being actively litigated.  They are also dissimilar in that the Mullins action is a Class action based on the state laws of North Carolina and Illinois and the classes are composed of Defendants' ISR that worked or reported to Defendants' offices in North Carolina and Illinois.  In contrast, the claims of the two plaintiff ISR here are based on the FLSA and are made by ISR that never worked in Defendants' North Carolina and Illinois offices.

While this case is similar to the *Mullins* action, it is even more similar to the case of *Lauren Garnick, Tshacha Romeo and Corey Hanvey, Individually, and on behalf of all others similarly situated, v. Verizon Connect Fleet USA LLC*, Case No: 8:20-cv-01474, (MDFL).  Like this case and the *Mullins* case, the *Garnick* action again involves claims of Defendants' ISR not being paid their full overtime compensation.  However, both this case and the *Garnick* action contain allegations of violations of the FLSA whereas the *Mullins* case alleges violations of state law. Further, both this case and the *Garnick* case contain plaintiffs that worked at Defendants' office in Tampa.  The *Garnick* case was litigated in the Middle District of Florida and was litigated more fully than the *Mullins* action.  The *Garnick* action

was originally filed in the Middle District on June 29, 2020, and the parties' FLSA Settlement Agreement was not approved until nearly two years later, on May 10, 2022, settling the claims of 185 total plaintiffs. (*Garnick*, Dkt. # 1, 143).  Prior to settlement, the case was extensively litigated with some plaintiffs being subject to responding to Court's Interrogatories (Dkt. #43, 44) and with Plaintiffs filing a Motion for Conditional Certification (Dkt. #58) that was supported by no less than 37 Declarations (Dkt. #58-1 to 58-37).  Conditional Certification was granted on August 30, 2021.  (Dkt. #110).

Thus, any argument that this case should remain in this District since this Court is already familiar with the facts of a similar case should be rejected as the Middle District of Florida has had more experience and is more familiar than this Court with the similar factual allegations the two Tampa based Plaintiffs here assert.

## D. Conclusion

As this case could have been originally filed in the Middle District of Florida, as the factors weigh in favor of transfer, and as no party would be prejudiced by transfer, this case should be transferred to the Middle District of Florida.  Defendants are attempting to use their superior means relative to that of the Plaintiffs to impose unnecessary costs, expenses, and burdens upon the individual Plaintiffs by requiring them to attend live depositions in Atlanta knowing that Plaintiffs live in the Tampa area.  More importantly, at this juncture this is clearly now just a 2 plaintiff case,

with all witnesses working from and likely living in the Tampa, Florida area. A trial in Atlanta would certainly limit and detrimentally impact Plaintiffs' ability to present or call upon witnesses to testify at trial, and further impede the logistics and fairness of the trial and this case.

While this was originally filed as a Collective Action, no opt-in plaintiffs have joined and this is only a two person case, both of whom worked from the Tampa, Florida office. As per Defendants' initial disclosures, they list Jeffrey Hanna as one of their witnesses. Mr. Hanna also worked from the Tampa, Florida office, making Tampa and the MDFL the more convenient and logical district where this action should be decided and it is also from where the preceding related action, *Garnick v. Verizon Connect* was litigated and settled.

Wherefore, pursuant to the above facts and legal argument, Plaintiffs respectfully request this honorable Court grant Plaintiffs' Motion to Transfer this case to the Middle District of Florida, Tampa Division.

Respectfully submitted May 10, 2023.

/s/ Mitchell L. Feldman
Mitchell L. Feldman
FELDMAN LEGAL GROUP
Georgia Bar No.: 257791
E-mail: mlf@feldmanlegal.us
6916 W. Linebaugh Avenue, #101
Tampa, Florida 33626
Tel: (877) 946-8293
Fax: (813) 639-9376
*Attorneys for Plaintiffs*

16

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document was prepared using 14-point Times New Roman font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record and also via any additional manner noted below.

/s/ Mitchell L. Feldman
MITCHELL L. FELDMAN
Georgia Bar No.: 257791
