UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOSE RAMIREZ and JIMMY PIZARRO,
Individually and on behalf of all others
similarly situated,

    Plaintiffs,

  v.

VERIZON CONNECT FLEET USA LLC,

    Defendant.
_____.

Case No: 1:23-cv-00343-MLB

COLLECTIVE ACTION

## PLAINTIFFS' MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT

Plaintiffs, pursuant to Rule 15, hereby seek leave of Court to amend the Complaint to remove FLSA Collective Action claims. Plaintiffs herein attach Plaintiffs' proposed Amended Complaint as <u>Exhibit 1</u> and state as follows:

1. The operative complaint is Plaintiffs' FLSA Section 216(b) Collective Action Complaint. DE 1. Plaintiffs state Defendants failed to pay them overtime compensation in violation of 29 U.S.C. 201 *et seq.* of the Fair Labor Standards Act (the "FLSA").

2. Plaintiffs brought this suit individually, and on behalf of all similarly situated persons composed of Inside Sales Representatives (ISR) working for Defendant anywhere in the United States. DE 1 at ¶ 59.

3.     To date, however, there have been no consent to join forms filed and there are no opt-in plaintiffs who have joined the instant matter. The two named plaintiffs above are the only plaintiffs in this action.

4.     Thus, Plaintiffs seek leave to amend the complaint to remove all FLSA Collective Action allegations and claims.

5.     Plaintiffs Amended Complaint would also reflect the current posture of the case; that one of the defendants has been dismissed from this action, leaving Verizon Connect Fleet USA LLC as the only defendant.  DE 35, 36.

6.     Pursuant to Rule 15, Plaintiffs sought Defendants written consent to file the Amended Complaint.  USCS Fed Rules Civ Proc R 15(a)(2).  Defendant refused.

7.     In the US District Court for the Middle District of Florida, a Collective Action was filed on September 26, 2023, against the same Defendant here.  *See Cansler v. Verizon Connect Fleet USA LLC*; MDFL; Case 8:23-cv-02175 (hereinafter, the *Cansler* Action).

8.     The reason Defendant here opposes the Plaintiffs amending the complaint is so it can gain a tactical advantage and use this case as a shield against other collective actions from proceeding. This is a shameful act of Defendant to abuse the Rules of Civil Procedure and to improperly take a position which is vexatious in nature and contrary to the realities of this case and common sense.

9. This case is well into the discovery period. Any opt-in that would join the case at this point in time would disrupt this case and would require additional discovery specific to that opt in plaintiff.

10. Granting Plaintiffs leave to amend here would not prejudice the Defendant as no new claims are being added and no new parties are being added.

11. Further, granting leave to amend would streamline the issues and claims in this action, would reduce Defendant's potential liability in this action, and would avoid the possibility of inconsistent results of overlapping Collective Actions going forward in two different cases in two different districts.

12. Accordingly, as leave to amend is to be freely given when justice so requires, Plaintiffs should be granted leave to amend the Complaint to remove the Collective Action allegations and no longer assert a claim on behalf of a putative collective.

## MEMORANDUM OF LAW

### A. LEAVE TO AMEND SHOULD BE FREELY GIVEN AND GRANTING LEAVE TO AMEND HERE WOULD NOT PREJUDICE ANY PARTY

Rule 15(a)(2) provides that leave to amend a pleading should be given "freely" "when justice so requires." USCS Fed Rules Civ Proc R 15. The decision of whether to give leave to amend is within the discretion of the trial court. *Saewitz v. Lexington Ins. Co.,* 133 F. App'x 695, 699 (11th Cir. 2005). In deciding whether to give a party leave to amend, the court should consider factors such as whether there

has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…" *Foman v. Davis,* 371 U.S. 178, 182 (1962). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam. Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). As a result, a court must provide substantial justification if it denies a motion for leave to amend. *Laurie*, 256 F.3d at 1274.

Thus, the Court should deny leave to amend only where the amendment will result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies by amendments previously allowed, or futility. *Foman*, 371 U.S. at 182; *Hall v. United Ins. Co. of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.") (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). Cf. *Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (reversing district court's decision to deny leave to amend a complaint because there was no evidence of prejudice to the defendant).

"Under Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Bensinger v. Denbury Res. Inc.*, No. 10-cv-1917, 2013 U.S. Dist. LEXIS 94223, 2013 WL 3353975, at *4-5 (E.D.N.Y. July 3, 2013) (*cited in Oetting*, 2015 U.S. Dist. LEXIS 168965, 2015 WL 9190629, at *6 n.6, and *quoting Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006))." *Henkel v. Highgate Hotels, LP,* No. 3:15-CV-1435, 2018 U.S. Dist. LEXIS 192 350, at *6 (M.D. Pa. Nov. 9, 2018).

Here, Defendant suffers no undue hardship or prejudice resulting from the Amended Complaint, as the Amended Complaint does not add any new claims against Defendant, nor does it add any new parties to the action. In fact, the Amended Complaint does the opposite; by removing the Collective Action allegations and claims, the Amended Complaint prevents future opt in plaintiffs from joining this action and thus eliminates the possibility of new claims being made against the Defendant, and thus reduces Defendant's potential liability in this action. The reason Defendant opposes this motion that would reduce its potential liability in this action is for the attempt to gain a strategic advantage for itself in an attempt to use the Rules of Civil Procedure to shield itself from future Collective Actions.

Defendant may in the future move to have other Collective actions be combined with this action, including possibly the recently filed *Cansler* Action

5

pending in the Middle District of Florida. The *Cansler* Action was only filed on September 26, 2023, thus discovery has not even begun in that action. Meanwhile, the parties in this action are actively engaged in discovery and have already exchanged written discovery requests along with production of documents. Thus, any opt in that would join this action would necessitate the need for additional discovery to be exchanged for that specific opt in plaintiff which would only serve to delay this action, which would effectively put the discovery period in this action back to the beginning and thus would cause an undue delay in these proceedings and thereby prejudice the Plaintiffs in this action. Conversely, granting Plaintiffs leave to amend the complaint would simply reflect the realities of this case as it stands today; the claims of only two plaintiffs against a single defendant. In sum, granting Plaintiffs leave to amend would streamline the issues in this case and would prevent some of the possibilities of this case being delayed.

## **SUMMARY AND CONCLUSION**

Plaintiffs' Motion for Leave to remove Collective Action claims is not futile, and any arguments to the contrary are misplaced. There are no new claims or causes of action contained in the Amended Complaint, and the Amended Complaint removes the possibility of new claims being made against Defendant by removing the possibility of an opt in plaintiff joining this action and asserting his or her new claim against Defendant. Even though Plaintiffs' proposed Amended Complaint

6

*reduces* the Defendant's potential liability in this action, Defendant opposes Plaintiffs from filing the same for the purposes of delaying or forestalling future Collective Actions being filed against it. Within this action, there is no legitimate reason for Defendant to oppose Plaintiffs from filing their proposed Amended Complaint which would not add new claims against Defendant but would instead eliminate the possibility of new claims being made against the Defendant in this action.

**WHEREFORE,** Plaintiffs respectfully request this Court enter an Order pursuant to Fed. R. Civ. P. Rule 15(a)(2) granting leave for Plaintiffs to File and serve the attached Amended Complaint and thus streamline the issues in this case.

Respectfully submitted October 23, 2023.

> <u>*/s/Mitchell Feldman*</u>.
> Mitchell Feldman, Esq.
> Feldman Legal Group
> Georgia Bar No.: 257791
> 6916 W. Linebaugh Ave #101
> Tampa, FL 33625
> mfeldman@flandgatrialattorneys.com
> Tel: 813 639 9366
> fax: 813 639 9376
> *Lead Counsel and Attorney for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this

7

document was prepared using 14-point Times New Roman font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by the CM/ECF system on all counsel or parties of record.

*/s/ Mitchell Feldman*
Mitchell Feldman, ESQ.

8