IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSE RAMIREZ AND JIMMY PIZARRO, Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>VERIZON CONNECT FLEET USA LLC,<br><br>        Defendant. | Civil Action No.<br>1:23-CV-00343-MLB<br>COLLECTIVE ACTION |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO TRANSFER VENUE

Less than two months prior to the close of discovery, Jose Ramirez and Jimmy Pizarro ("Plaintiffs") have renewed their Motion to Transfer Venue ("Renewed Motion to Transfer") (Dkt. No. 47) seeking to transfer this case to the Middle District of Florida. Plaintiffs' second desperate attempt to avoid litigating in the forum of their choosing comes far too late and lays bare Plaintiffs' shifty tactics throughout this proceeding.

Namely, Plaintiffs retained the collective action allegations when they believed it suited them—ostensibly (but improperly) to support propounding excessive discovery that contradicted representations by Plaintiffs' counsel to the Court that this is a two-plaintiff case. Plaintiffs then abruptly sought to drop the

1

collective action allegations when (1) they were cited by this Court as a basis for denying Plaintiffs' first Motion to Transfer (Dkt. No. 34 Order denying Plaintiffs' Motion to Transfer Venue (Dkt. No. 22)), and (2) Plaintiffs' counsel was faced with Verizon Connect's Motion to Transfer Action to First Filed Court and for Sanctions because he filed a collective action complaint with an overlapping class definition and the same unpaid overtime allegations against the company in the Middle District of Florida. *Cansler v. Verizon Connect Fleet USA, LLC*, No. 8:23-cv-02175-T-33AEP (M.D. Fla.) ("*Cansler*").

In short, Plaintiffs' attempt to make a mockery of this FLSA case through their legal maneuvering does not constitute a "change of circumstances that warrants transferring the action to the transferee forum." *Carter v. United States*, 2021 WL 9314953, at *6 (N.D. Ga. June 11, 2021). Plaintiffs' Motion should therefore be denied, and this case should remain in the Northern District of Georgia.

## **RELEVANT BACKGROUND**

Plaintiffs filed their Collective Action Complaint on January 23, 2023. (Dkt. No. 1.) Plaintiffs' proposed class consisted of all "Inside Sales Representatives" who worked for Verizon Connect at any location nationwide. (Dkt. No. 1 ¶ 58.) Plaintiffs alleged that "Inside Sales Representatives" would include individuals

2

who worked as "Business Development Representatives" (as Plaintiffs were), as well as "Closers" and "Account Managers," among others. (*Id*.)

On April 24, 2023, the Court held an in person scheduling conference (the "Scheduling Conference"). (Dkt. No. 20.) During that Scheduling Conference, Plaintiffs' counsel stated:

> We have two people. We're not going to be filing for certification at this juncture and we're not planning on it. I don't have a problem at this point even withdrawing the collective allegations . . . But as you know, because you know, it is a collective action under 216(b) and does follow *Mickles*, at least it's open that if someone called me, you know, when I filed the complaint and said, hey, I want to make a complaint, too, I want to, you know, get my claim, I didn't participate in the *Garnick* case, because about 66 percent of them didn't participate and make their claims, then I don't have to file another lawsuit because *Mickles* says they're equal. If they opt in, then they're equal to the named plaintiffs.

(*See* Transcript of Apr. 24, 2023 Scheduling Conference at 7 (relevant pages of Transcript attached as Exhibit A).)

During the Scheduling Conference the Court instructed that discovery in this matter is to be narrowly tailored to the two plaintiffs and noted that it be "a really focused area" of how they were treated. (*Id.* at 17.)

Soon thereafter, on May 10, 2023, Plaintiffs filed their initial Motion to Transfer the Case to the Middle District of Florida. (Dkt. No. 22.)

While the Motion to Transfer was pending, the Court settled a discovery dispute, ordering that Plaintiffs appear for their depositions in Atlanta. (*See* May 16, 2023 Order.) In late August, after respectively responding to first sets of

3

written discovery requests, the parties participated in a settlement conference (Dkt. No. 31) but could not reach a resolution.

On September 26, 2023, Plaintiffs' counsel filed a second FLSA collective action in the Middle District of Florida, *Cansler. Cansler v. Verizon Connect Fleet USA, LLC*, No. 8:23-cv-02175-T-33AEP (M.D. Fla.) The named plaintiff proposed a class consisting of "Inside Sales Representatives" who worked for Verizon Connect in Florida that overlaps with the proposed class definition in the instant case. (*Id.*)

On October 4, 2023, this Court denied Plaintiffs' Motion to Transfer. (Dkt. No. 34.) The Court held that Plaintiffs "failed to demonstrate 'a change of circumstances that warrants transferring the action to the transferee forum.'" (*Id.* (quoting *Carter v. United States*, 2021 WL 9314953, at *6 (N.D. Ga. June 11, 2021)).)

Following the order requiring Plaintiffs to appear for their depositions in Atlanta, the order denying Plaintiffs' Motion to Transfer, and an unsuccessful settlement conference, Plaintiffs served an additional **25** requests for production (for a total of **91**) and **59** requests for admission. Previously, Plaintiffs had served **18** interrogatories (most with multiple subparts), **66** requests for production of documents, and noticed two fact witness depositions, in addition to serving a 30(b)(6) notice of deposition—originally with **66** topics, now reduced to **37**.

Despite multiple conferrals and appearances before the Court (see Dkt. No. 23; Dkt. No. 40), numerous written discovery requests and 30(b)(6) topics continue to seek discovery that is not tailored to the needs of this case.[1] Verizon Connect has produced approximately 5,800 pages of records to date, including time-stamped ESI. For its part, Verizon Connect served 5 interrogatories and 4 requests for production on each Plaintiff and deposed both Plaintiffs. Discovery closes on December 22, 2023. (Dkt. No. 33.)

On October 23, 2023, Defendant deposed Plaintiff Ramirez and deposed Plaintiff Pizzaro the following day. Due to Mr. Pizzaro's travel arrangements, the parties agreed to continue Plaintiff Pizzaro's deposition, which was completed on November 2, 2023.

Also on October 23, 2023, after the company's counsel (which is not the same counsel of record as in the instant case) attempted to confer with Plaintiffs' counsel regarding an anticipated motion to transfer based upon the first-to-file rule,

---

[1] For example, Plaintiffs request "[t]he weekly time sheets and activity logs from all the plaintiffs in the *Garnick et al. v. Verizon Connect Fleet USA, LLC*; MDFL; Case 8:20cv-01474-MSS-TGW during the period of January 2020 to December 2021." Not only are the over 160 listed *Garnick* opt-ins not a party to this litigation, but some of them held Sales Partner and other titles that neither Plaintiff held and worked in Verizon Connect offices across the country.

the named plaintiff in *Cansler* filed an Amended Complaint, withdrawing the collective action allegations. (*Cansler*, Dkt. No. 15.)

That same day, October 23, 2023, Plaintiffs filed a Motion for Leave of Court to Amend Complaint seeking to withdraw class action allegations from the operative Collective Action Complaint. (Dkt. No. 39.)

On October 24, 2023, Verizon Connect filed its Motion to Transfer *Cansler* to the Northern District of Georgia. (*Cansler*, Dkt. No. 16.) On November 3, 2023, Plaintiff's counsel moved for a 21-day extension of the November 7, 2023 deadline to respond stating that he had "insufficient time to be able to address these matters." (*Cansler*, Dkt. No. 21).

On November 6, 2023, Verizon Connect filed its opposition to Plaintiffs' Motion for Leave of Court to Amend Complaint. (Dkt. No. 45.) Verizon Connect maintained that Plaintiffs' attempt to amend the Collective Action Complaint was pure gamesmanship given the pending motion to transfer in *Cansler* and that Plaintiffs could not meet the good cause standard to modify the deadline as set forth in the Local Rules or the "justice so requires" standard of Rule 15(a). *Id.* At the same time, Defendant maintained that, at this stage in the proceedings, any attempt to rely on Verizon Connect's opposition as a basis to expand discovery (or support previously served overly broad discovery) would be improper when Plaintiffs' counsel had consistently represented that this is a two-person case.

On November 7, 2023, the same day as the original deadline to respond to the Motion to Transfer in *Cansler*, Plaintiffs filed the instant Renewed Motion to Transfer. (Dkt. No. 47.)

Plaintiffs had noticed the deposition of Plaintiffs' former supervisor Jeffrey Hanna for November 7, 2023. However, on November 1, 2023, Defendant sought to reschedule Mr. Hanna's deposition due to his family member's dire health situation which required out-of-state travel. Defense counsel offered November 29, 2023 for Mr. Hanna's rescheduled deposition based upon dates provided by Plaintiffs' counsel. While the date was confirmed by the office of Plaintiffs' counsel on November 15, 2023, no deposition notice has been served.

Plaintiffs noticed the deposition of Plaintiffs' former human resources business representative Monica Tyson on November 9, 2023. The day prior, on November 8, 2023 at 4:30 p.m., Plaintiffs' counsel cancelled the deposition. This occurred after defense counsel had travelled out of state to prepare the witness and attend the deposition. Defense counsel offered December 6, 2023 for Ms. Tyson's rescheduled deposition based upon dates provided by Plaintiffs' counsel. While the date was confirmed by the office of Plaintiffs' counsel on November 15, 2023, no deposition notice has been served.

The 30(b)(6) deposition did not go forward on November 16, 2023 because the parties had not reached an agreement on the topics following the October 25

hearing before this Court. The Parties conferred regarding their respective positions as to the topics in Plaintiffs' Third Amended Notice on November 13, 2023, and Defendant provided its portion of a renewed discovery dispute letter to Plaintiffs' counsel on November 21, 2023. Defendant offered December 13, 2023 for the corporate representative deposition, based upon dates provided by Plaintiffs' counsel, contingent upon resolution of the parties' dispute in sufficient time to prepare the witness(es). While the date was confirmed by the office of Plaintiffs' counsel on November 15, 2023, no deposition notice has been served.

On November 9, 2023, Plaintiffs filed a Motion to Stay this matter pending (1) Plaintiffs' Renewed Motion to Transfer and (2) Defendant's Motion to Transfer *Cansler* to the Northern District of Georgia based upon the first-to-file rule.

## ARGUMENT

### I. PLAINTIFFS CANNOT DEMONSTRATE A CHANGE IN CIRCUMSTANCE THAT WARRANTS TRANSFER.

Courts have broad discretion in deciding whether to transfer a case. *See Carter v. United States*, No. 1:19-CV-02787-ELR, 2021 WL 9314953, at *3 (N.D. Ga. June 11, 2021). Motions to transfer are not "ordinarily granted at the request of the party who chose the forum in the first place [because a] plaintiff moving to transfer venue has already had an opportunity to choose the venue when filing the action." *Id.* at *6. To safeguard against forum shopping in this unique circumstance, the plaintiff must "make a showing of changed circumstances." *Id.*

8

Here, with their Renewed Motion to Transfer, Plaintiffs once again have failed to meet that standard.

First, while Plaintiffs have sought to amend their Collective Action Complaint (Dkt. No. 39), Verizon Connect opposed that motion because it was made too late in time, and, in any event, Plaintiffs cannot meet the "justice so requires" standard under Rule 15(a). (Dkt. No. 45 at 9–14.) Accordingly, although a "two-person case," the operative Collective Action Complaint still contains collective action allegations and there has been no change of circumstance in that regard.

Second, apart from any formal amendment of the Collective Action Complaint, Plaintiffs' statement that "the scope of this lawsuit has drastically decreased . . . [since] what was originally intended to be a national collective action is limited to two Plaintiffs" is plainly disingenuous. (Renewed Motion to Transfer at 2.) After all, Plaintiffs acknowledged nearly six months ago during the April 24, 2023 scheduling conference that this was a two-person case yet did not seek to amend the Collective Action Complaint and propounded extraordinarily broad discovery (to date, **91** requests for production, **59** requests for admission, **18** interrogatories with multiple subparts, and **37** 30(b)(6) topics) that contradicted counsel's representation. (*See* Ex. A, Transcript of Apr. 24, 2023 Scheduling Conference at 7.)

Rather than a true change in circumstance, Plaintiffs seek to manipulate this proceeding to suit their present needs because they now perceive the Middle District of Florida as a more favorable venue and must oppose Verizon Connect's motion to transfer *Cansler* to the Northern District of Georgia pursuant to the first-to-file rule. *See Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) ("The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case."). In fact, the timing of Plaintiffs' motion practice in the instant case and *Cansler* reveals that Plaintiffs seek to have their Renewed Motion to Transfer granted *before* the *Cansler* court can rule on Verizon Connect's Motion to Transfer. This conclusion is supported by the request in *Cansler* for a 21-day extension (up to November 28, 2023) to respond to Verizon Connect's Motion to Transfer stating that counsel had "insufficient time to be able to address these matters," while filing Plaintiffs' Renewed Motion to Transfer Venue in the instant case on the very same day as the original deadline to respond to the Motion To Transfer in *Cansler*. (*Cansler*, Dkt. No. 21.)

To be sure, nothing has changed *in this case* but Plaintiffs' perspective on their most favorable venue. That "change of circumstance" does not support their Renewed Motion to Transfer. *See Carter*, 2021 WL 9314953, at *5 (denying plaintiffs' motion to transfer where "Plaintiffs . . . possess[ed] a different

10

preference as to venue than when they filed suit"); *see also Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 4853295, at *7 (D. Or. Oct. 8, 2010), *report and recommendation adopted*, No. CIV 10-630-PK, 2010 WL 4828392 (D. Or. Nov. 18, 2010) ("[B]ecause there is no evidence of changed circumstances requiring a transfer, . . . plaintiffs have not satisfied the threshold requirement for a motion to transfer venue.").

**II.   APPLICATION OF THE § 1404 FACTORS AT THIS LATE STAGE OF THE LITIGATION DOES NOT SUPPORT TRANSFER.**

Plaintiffs argue, deep into this litigation, that the § 1404 factors *now* favor transfer of this case to the Middle District of Florida. (Renewed Motion to Transfer at 12–22.) But this contrived argument must be rejected for a host of reasons, including that the same information, in particular, regarding location of witnesses, the locus of operative facts, and the relative means of the parties, was known to Plaintiffs at (or near) the outset of this litigation.

As to the threshold issue, Plaintiffs note that this case could have been filed in the Middle District of Florida. (*Id.* at 11–12.) That point is not disputed, but it only underscores Plaintiffs' choice to file the instant case in the Northern District of Georgia and their buyers' remorse. *See Freeman v. Graco, Inc.*, No. 1:13-CV-662-ODE, 2013 WL 12070089, at *5 (N.D. Ga. Nov. 7, 2013) (giving "no deference" to Plaintiff's choice of forum when seeking to transfer venue).

Plaintiffs next argue that the convenience of the witnesses (Renewed Motion to Transfer at 12–15), the convenience of the parties (*id.* at 15–16), the "locus of operative facts" (*id.* at 16–17), the "availability of process to compel the attendance of unwilling witnesses" (*id.* at 17), and the "relative means of the parties" (*id.* at 17–19) support transfer to the Middle District of Florida. Yet Plaintiffs knew where their claims arose, where their former supervisor worked, their "means," and where their newly identified witnesses from the *Garnick* litigation were located *at the time they chose this venue*.[2] Moreover, the fact that Plaintiffs' same counsel filed a separate FLSA lawsuit in the Middle District of Florida—*Cansler*—on behalf of two additional former Verizon Connect employees *who fall within the class definition of the operative Collective Action Complaint* certainly does nothing to tip the § 1404 factors in Plaintiffs' favor.[3]

Plaintiffs also contend that "Defendant cannot articulate any alleged prejudice" if this case is transferred to the Middle District of Florida. (*Id.* at 23.)

---

[2] Plaintiffs claim they have 51 witnesses from the *Garnick* litigation but this is merely a list of the individuals who worked in Florida who elected to file an opt-in consent form. This is not new information as Plaintiffs' counsel in this case is the same counsel as the *Garnick* matter.

[3] Plaintiffs also reference *Tucker v. Verizon Connect Fleet USA LLC*, Case No. 8:23-cv-01655-TPB-JSS (M.D. Fla.) *Tucker* was filed by an attorney who served as co-counsel in the *Garnick* litigation. Defendant notes, however, that while the case was filed July 24, 2023, it was not served until November 7, 2023—outside the time allowed by Fed. R. Civ. P. 4(m).

Not so. As Plaintiffs noted, "the Parties are deep in discovery." (*Id.* at 4.) Verizon Connect has invested considerable resources in litigating this matter in the Northern District of Georgia, Plaintiffs' selected forum. As such, this Court has familiarity with this matter that will be squandered if Plaintiffs' Renewed Motion to Transfer is granted.

As to the other § 1404 factors, Plaintiffs concede that they "slightly favor" transfer to the Middle District of Florida or are neutral. (*See id*. at 15 (location of relevant documents slightly in favor); *id.* at 19 (forum's familiarity neutral); *id.* at 21 (trial efficiency neutral)).

In short, even if Plaintiffs were able to offer some basis for transfer (which Verizon Connect expressly denies) motions to transfer are routinely denied when "the balance of all factors is but slightly in favor of the movant." *See Freeman*, 2013 WL 12070089, at *5 (denying plaintiff's motion to transfer).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Renewed Motion to Transfer should be denied, and this matter should remain in the Northern District of Georgia.

Dated: November 21, 2023

/s/ *Tonya B. Braun*
Elaine R. Walsh
GA Bar No. 003480
JONES DAY
1221 Peachtree Street, N.E.
Suite 400
Atlanta, GA  30361
Telephone:  (404) 521-3939
Facsimile:   (404) 581-8330
Email: erogerswalsh@jonesday.com

Tonya B. Braun
Ohio Bar No. 0075048
(Admitted *pro hac vice*)
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH  43215.2673
Telephone:  (614) 469-3939
Facsimile:   (614) 461-4198
Email: tbraun@jonesday.com

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document was prepared using 14-point Times New Roman font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

*/s/ Elaine R. Walsh*
Elaine R. Walsh

## CERTIFICATE OF SERVICE

I, Elaine R. Walsh, hereby certify that on November 21, 2023, I served a true copy of the foregoing via the Court's CM/ECF filing system, which shall cause a copy of the foregoing to be served upon counsel of record in this matter.

*/s/ Elaine R. Walsh*
Elaine R. Walsh
