IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSE RAMIREZ and JIMMY PIZARRO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON CONNECT FLEET USA LLC,<br><br>Defendant. | Civil Action No. 1:23-CV-00343-MLB<br><br>COLLECTIVE ACTION |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY**

Defendant Verizon Connect Fleet USA LLC ("Verizon Connect") opposes Plaintiffs' Motion to Stay (Dkt. No. 48) because it is contrary to this Court's directive that, other than the corporate representative Fed. R. Civ. P. 30(b)(6) deposition, which is the subject of a yet to be resolved discovery dispute, "other depositions" are to "go forward" in this matter and that the case is to "go on" with "what we have in front of us," irrespective of Plaintiffs' pending Motion for Leave of Court to Amend Complaint (Dkt. No. 39) and the pending Motion to Transfer Action to First-Filed Court and for Sanctions in the separate matter of *Cansler, et al., v. Verizon Connect Fleet USA LLC*, Case No. 8:23-cv-02175-T-33AEP (M.D. Fla.) ("*Cansler*"), in the Middle District of Florida. (*See* Transcript of Oct. 25, 2023 Hearing at 15, 70–72 (relevant pages of Transcript attached as Exhibit A).)

Plaintiffs have not demonstrated good cause to stay this proceeding pending resolution of Plaintiffs' Renewed Motion to Transfer Venue (Dkt. No. 47) and the pending Motion to Transfer in *Cansler*. As this Court observed, the timing of Judge Covington's decision in the *Cansler* matter is unknown, and thus Plaintiffs are, in fact, seeking a stay of an unspecified duration. Indefinite stays are generally disfavored, and this case, as the Court noted, should be on a "glide slope." (Ex. A, Transcript of Oct. 25, 2023 Hearing at 14.) Further, Plaintiffs' representations that discovery in this case would need to be "reset" if it were consolidated with *Cansler* plainly indicates that Plaintiffs are attempting to avoid completing discovery in this two-plaintiff matter *now*—prior to the December 22, 2023 discovery cut-off—in favor of seeking discovery that is significantly broader *later*. (*See* Motion to Stay at 4, 11, 16–17.)

Defendant was (and remains) prepared to complete discovery in line with this "finite case" (*See* Ex. A, Transcript of Oct. 25, 2023 Hearing at 72), including moving forward with the two witness depositions that Plaintiffs have noticed to date (Jeff Hanna and Monica Tyson), completing written discovery, presenting its position on discovery disputes, and scheduling the 30(b)(6) corporate representative deposition for a date that allows for adequate preparation once that discovery dispute is resolved, all before the current discovery deadline.

## **RELEVANT BACKGROUND**

Plaintiffs filed their Collective Action Complaint on January 23, 2023 (Dkt. No. 1.) Plaintiffs' proposed class consisted of all "Inside Sales Representatives" who worked for Verizon Connect at any location nationwide. (Dkt. No. 1 ¶ 58.) Plaintiffs alleged that "Inside Sales Representatives" would include individuals who worked as "Business Development Representatives" (as Plaintiffs were), as well as "Closers" and "Account Managers," among others. (*Id*.)

On April 24, 2023, the Court held an in person scheduling conference (the "Scheduling Conference"). (Dkt. No. 20.) During that Scheduling Conference, Plaintiffs' counsel stated:

> We have two people. We're not going to be filing for certification at this juncture and we're not planning on it. I don't have a problem at this point even withdrawing the collective allegations . . . But as you know, because you know, it is a collective action under 216(b) and does follow *Mickles*, at least it's open that if someone called me, you know, when I filed the complaint and said, hey, I want to make a complaint, too, I want to, you know, get my claim, I didn't participate in the *Garnick* case, because about 66 percent of them didn't participate and make their claims, then I don't have to file another lawsuit because *Mickles* says they're equal. If they opt in, then they're equal to the named plaintiffs.

(*See* Transcript of Apr. 24, 2023 Scheduling Conference at 7 (relevant pages of Transcript attached as Exhibit B).)

At the conference, the Court instructed that discovery in this matter is to be narrowly tailored to the two plaintiffs. (*Id.* at 17.)

-3-

Soon thereafter, on May 10, 2023, Plaintiffs filed their initial Motion to Transfer the Case to the Middle District of Florida. (Dkt. No. 22.)

While the Motion to Transfer was pending, the Court settled a discovery dispute, ordering that Plaintiffs appear for their depositions in Atlanta. (*See* May 16, 2023 Order.) In August, after respectively responding to first sets of written discovery requests, the parties participated in a settlement conference (Dkt. No. 30) but could not reach a resolution.

On October 4, 2023, this Court denied Plaintiffs' Motion to Transfer. (Dkt. No. 34.) The Court held that Plaintiffs "failed to demonstrate 'a change of circumstances that warrants transferring the action to the transferee forum.'" (*Id.* (quoting *Carter v. United States*, 2021 WL 9314953, at *6 (N.D. Ga. June 11, 2021).)

Following the order requiring Plaintiffs to appear for their depositions in Atlanta, the order denying Plaintiffs' Motion to Transfer, and an unsuccessful settlement conference, Plaintiffs served an additional **25** requests for production (for a total of **91**) and **59** requests for admission. Previously, Plaintiffs had served **18** interrogatories (most with multiple subparts), **66** requests for production of documents, and noticed two fact witness depositions, in addition to serving a 30(b)(6) notice of deposition—originally with **66** topics, now reduced to **37**. Despite several conferrals, and appearances before the court (s*ee* Dkt. No. 23; Dkt.

No. 42), numerous written discovery requests and 30(b)(6) topics continue to seek discovery that is not tailored to the needs of this case.[1] Verizon Connect has produced approximately 5,800 pages of records to date, including time-stamped ESI. For its part, Verizon Connect served 5 interrogatories and 4 requests for production on each Plaintiff and deposed both Plaintiffs. Discovery closes on December 22, 2023. (Dkt. No. 33.)

On September 26, 2023, Plaintiffs' counsel filed a second FLSA collective action in the Middle District of Florida. *Cansler v. Verizon Connect Fleet USA, LLC*, No. 8:23-cv-02175-T-33AEP (M.D. Fla.) The named plaintiff proposed a class consisting of "Inside Sales Representatives" who worked for Verizon Connect in Florida that overlapped with the proposed class definition in the instant case. (*Id.*)

On October 23, 2023, Defendant deposed Plaintiff Ramirez and deposed Plaintiff Pizzaro the following day. Due to Mr. Pizzaro's travel arrangements, the

---

[1] For example, Plaintiffs request "[t]he weekly time sheets and activity logs from all the plaintiffs in the *Garnick et al. v. Verizon Connect Fleet USA, LLC*; MDFL; Case 8:20cv-01474-MSS-TGW during the period of January 2020 to December 2021." Not only are the over 160 listed *Garnick* opt-ins not a party to this litigation, but some of them held Sales Partner and other titles that neither Plaintiff held and worked in Verizon Connect offices across the country.

parties agreed to continue Plaintiff Pizzaro's deposition, which was completed on November 2, 2023.

On October 23, 2023, after the company's counsel (which is not the same counsel of record as in the instant case) attempted to confer with Plaintiffs' counsel regarding their anticipated motion to transfer based upon the first-to-file rule, the named plaintiff in *Cansler* filed an Amended Complaint, withdrawing the collective action allegations. (*Cansler*, Dkt. No. 15.)

Also on October 23, 2023, Plaintiffs filed a Motion for Leave of Court to Amend Complaint seeking to withdraw class action allegations from the operative Collective Action Complaint. (Dkt. No. 39.)

On October 24, 2023, Verizon Connect filed its Motion to Transfer *Cansler* to the Northern District of Georgia. (*Cansler*, Dkt. No. 16.) On November 3, 2023, Plaintiffs' counsel moved for a 21-day extension of the November 7, 2023 deadline to respond stating that he had "insufficient time to be able to address these matters." (*Cansler*, Dkt. No. 21).

On November 6, 2023, Verizon Connect filed its opposition to Plaintiffs' Motion for Leave of Court to Amend Complaint. (Dkt. No. 45.) Verizon Connect maintained that Plaintiffs' attempt to amend the Collective Action Complaint at this date was pure gamesmanship given the filing of a second overlapping collective action complaint in the Middle District of Florida and the pending

motion to transfer in *Cansler*. Accordingly, Plaintiffs could not meet the good cause standard to modify the deadline as set forth in the Local Rule or the "justice so requires" standard of Rule 15(a). (*Id.*) Defendant specifically noted, however, that any expansion of discovery based upon its opposition would be improper at this point in the litigation.

On November 7, 2023, the same day as the original deadline to respond to the Motion to Transfer in *Cansler*, Plaintiffs filed the instant Renewed Motion to Transfer. (Dkt. No. 47.)

Plaintiffs had noticed the deposition of Plaintiffs' former supervisor Jeffrey Hanna for November 7, 2023. However, on November 1, 2023, Defendant sought to reschedule Mr. Hanna's deposition due to his family member's dire health situation which required out-of-state travel. Defense counsel offered November 29, 2023, for Mr. Hanna's rescheduled deposition based upon dates provided by Plaintiffs' counsel. While the date was confirmed by the office of Plaintiffs' counsel on November 15, 2023, no deposition notice has been served.

Plaintiffs noticed the deposition of Plaintiffs' former human resources business representative Monica Tyson on November 9, 2023. The day prior, on November 8, 2023, at 4:30 p.m., Plaintiffs' counsel cancelled the deposition. This occurred after defense counsel had travelled out of state to prepare the witness and attend the deposition. Defense counsel offered December 6, 2023, for Ms. Tyson's

-7-

rescheduled deposition based upon dates provided by Plaintiffs' counsel. While the date was confirmed by the office of Plaintiffs' counsel on November 15, 2023, no deposition notice has been served.

The 30(b)(6) deposition did not go forward on November 16, 2023, because the parties had not reached an agreement on the topics following the October 25 hearing before this Court. The Parties conferred regarding their respective positions as to the topics in Plaintiffs' Third Amended Notice on November 13, 2023, and Defendant provided its portion of a renewed discovery dispute letter to Plaintiffs' counsel on November 21, 2023. Defendant offered December 13, 2023, for the corporate representative deposition, based upon dates provided by Plaintiffs' counsel, contingent upon resolution of the parties' dispute in sufficient time to prepare the witness(es). While the date was confirmed by the office of Plaintiffs' counsel on November 15, 2023, no deposition notice has been served.

On November 9, 2023, Plaintiffs filed their Motion to Stay this matter pending (1) Plaintiffs' Renewed Motion to Transfer and (2) Defendant's Motion to Transfer *Cansler* to the Northern District of Georgia based upon the first-to-file rule.

## ARGUMENT

When deciding whether to grant a stay, courts generally consider the following factors: "whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date [has] been set." *Tomco Equip. Co. v. Southeastern Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008). District courts have the inherent power to stay matters; however, that power "must not be exercised lightly." *Home. Ins. Co. v. Costal Lumber Co.*, 575 F.Supp 1081, 1083 (N.D. Ga. 1983). That is particularly true when the request is for an indefinite stay. *Hartford Underwriters Ins. Co. v. Spizzirri*, 2009 WL 10669603, at *2 (N.D. Ga. Dec. 11, 2009).

Plaintiffs' motion presupposes that *Cansler* is transferred to the Northern District of Georgia and that the transfer would result in an entire "reset" of discovery *as to Plaintiffs*. According to Plaintiffs, judicial economy favors a stay because if "Cansler and Atkins are forced into this action" it would "effectively reset the discovery process in this case to the beginning." (Motion to Stay at 11.) That assessment is wrong. If *Cansler* were transferred and consolidated with the instant case, that would not transform the scope of Plaintiffs' claims into a collective action. Plaintiffs have never filed a motion for conditional certification. Indeed, Plaintiffs' counsel expressly stated that there was no intention to do so.

(*See* Ex. B, Transcript of Apr. 24, 2023 Scheduling Conference at 7.) Plaintiffs' claims would remain their claims. They would *not* be entitled to serve discovery *related to Atkins and Cansler*.

Plaintiffs also argue that the stay "would avoid the possibility of the Court having to make piecemeal decisions which would have to be reargued and redecided if the size of this case is doubled with the addition of two new plaintiffs." (Motion to Stay at 14.) Plaintiffs provide no illustrative support regarding this hypothetical, future need to re-argue. True, the proper scope of discovery for Plaintiffs' unpaid overtime claims has been (and continues to be) disputed by the parties. But this Court's familiarity with the issues does not weigh in favor of granting a stay.

Plaintiffs also argue that "it would be highly prejudicial to Cansler and Atkins and their claims for them to go forward with the corporate representative deposition without having the benefit of reviewing any document production from Verizon Connect" and that the corporate representative deposition "would need to be taken again." (Motion to Stay at 12). Defendant acknowledges that some costs and expenses may be avoided with a single corporate representative deposition and therefore does not oppose postponing the 30(b)(6) deposition until the pending Motion to Transfer *Cansler* is decided. But given the overlap in several key

-10-

policies and training, a second 30(b)(6) deposition, if noticed, could and should be narrow and streamlined.

In sum, Plaintiffs' Motion is based upon the timing of a decision that this Court cannot control, and Plaintiffs concede that their true purpose in seeking a stay is to "reset" the scope of discovery *as to themselves* if *Cansler* is transferred and consolidated with the instant case. That is plainly counter to the Court's direction to continue this matter with "what we have in front of us." (Ex. A, Transcript of Oct. 25, 2023 Hearing at 15.) Plaintiffs' arguments do not support a stay, and notably absent is any discussion regarding why the depositions of Jeffery Hanna and Monica Tyson should not be completed prior to the current discovery cut off.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Stay should be denied.

3

-12-

Dated: November 24, 2023

Respectfully submitted,

*/s/ Tonya B. Braun*
Elaine R. Walsh
GA Bar No. 003480
JONES DAY
1221 Peachtree Street, N.E.
Suite 400
Atlanta, GA  30361
Telephone:  (404) 521-3939
Facsimile:   (404) 581-8330
Email: erogerswalsh@jonesday.com

Tonya B. Braun
Ohio Bar No. 0075048
(Admitted *pro hac vice*)
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, OH  43215-2673
Telephone:  (614) 469-3939
Facsimile:   (614) 461-4198
Email: tbraun@jonesday.com

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document was prepared using 14-point Times New Roman font, one of the font and point selections approved by the Court in Local Rule 5.1(c)

                                         */s/ Elaine R. Walsh*
                                         *One of the Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on November 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all counsel of record.

                                           */s/ Elaine R. Walsh*
                                         *One of the Attorney for Defendant*